UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| United States of America,              ) | |
|         Plaintiff,                       ) | |
|                                 ) | |
|             v.                 ) | 8:05CV470 |
|                                ) | |
| Diane I. Weber,                     ) | |
|        Defendant,                ) | |
|                                ) | |
|          and                  ) | |
|                                ) | |
| Fillmore County Hospital,     ) | |
|        Garnishee.                ) | |

GARNISHEE ORDER

A Writ of Garnishment, directed to Garnishee, Fillmore County Hospital, 1325 H Street, Friend, NE 68361, has been duly issued and served upon the Garnishee. Pursuant to the Writ of Garnishment, the Garnishee filed an Answer on January 30, 2006, stating that at the time of the service of the Writ he had in his possession or under his control non-exempt property belonging to and due defendant, Diane I. Weber, -------------------------, Friend, NE 68359, and that garnishee was indebted to defendant.

On or about January 25, 2006, the defendant was notified of her right to a hearing. An Order was filed on February 13, 2006 terminating the hearing on February 14, 2006 pursuant to a joint oral request of attorneys Laurie M. Barrett and Douglas D. DeLair. This dispute has been settled and a joint stipulation has been filed.

\	IT IS ORDERED that Garnishee pay the lesser of: 1) the amount by which the defendant's disposable earnings exceed the exempt earnings or 2) fifteen percent (15%) of the defendant's disposable earnings to plaintiff, United States of America. Payments will be made

payable to the Department of Justice, and delivered to the U. S. Attorney, 1620 Dodge Street, Suite 1400, Omaha, Nebraska 68102-1506. Said payments are to continue until A) A court order quashing the writ of garnishment; B) exhaustion of property in the possession, custody or control of the garnishee in which the debtor has a substantial non-exempt interest (including non-exempt disposable earnings), unless the garnishee reinstates or re-employs the judgment debtor within 90 days after the judgment debtor's dismissal or resignation; or C) satisfaction of the debt with respect to which the writ is issued.

IT IS FURTHER ORDERED THAT the United States of America recover as part of this garnishment, a surcharge of ten percent (10%) of the amount of the current outstanding debt, or $3,865.05, pursuant to 28 U.S.C. §3011(a).

The Clerk of the Court shall mail a copy of this Order to the Defendant, the Garnishee, and the U.S. Attorney's Office.

Dated: February 23, 2006.

BY THE COURT:


s/Joseph F. Bataillon
UNITED STATES DISTRICT JUDGE